**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Heber Eleazar GARZA–ARELLANO,**
**Defendant–Appellant.**

**No. 09–41037**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 2011.

John Richard Berry, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Laura Fletcher Leavitt, Assistant Federal

---

**16.** *See* Fed.R.Civ.P. 50(a).

Public Defender, Federal Public Defender's Office, Molly Estelle Odom, Esq., Assistant Federal Public Defender Federal Public Defender's Office Houston, TX, for Defendant–Appellant.

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Heber Eleazar Garza–Arellano appeals the sentence imposed following his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). The district court imposed a sentence of 46 months of imprisonment, to be followed by a three-year term of supervised release. Garza–Arellano contends that the sentence is illegal because it exceeds the statutory maximum sentence of two years of imprisonment and one year of supervised release. He notes that he was not charged with a violation of 8 U.S.C. § 1326(b), which would have increased the statutory maximum sentence to ten years or twenty years of imprisonment and three years of supervised release. The Government concedes error.

Garza–Arellano is correct that the district court plainly erred by imposing an illegal sentence of 46 months of imprisonment and two years of supervised release. *See United States v. Vera,* 542 F.3d 457, 459 (5th Cir.2008). The statute under which Garza–Arellano was convicted has a statutory maximum of two years of imprisonment and one year of supervised release. *See* 8 U.S.C. § 1326(a); 18 U.S.C. §§ 3583(b)(3), 3559(a)(5); *United States v. Velasquez–Torrez,* 609 F.3d 743, 746 (5th

Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 438, 178 L.Ed.2d 339 (2010).

Accordingly, Garza–Arellano's sentence is VACATED. The case is REMANDED. The court is INSTRUCTED to resentence Garza–Arellano within the statutory range.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be